UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GARY LAVON ROBINSON, | ) C/A No. 4:15-3472-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| THOMAS RAGLAND; NIKON MORGAN; | ) |
| CHRISTOPHER DILLARD; FAITH CHAPPELL; AND | ) |
| JASON PALMER, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Presently before the court are Plaintiff's motions to compel discovery. (Docs. #30, #31 and #38). Defendants filed responses to the motions. (Docs. #35, #36, and #46). Plaintiff filed a reply to two of the responses. (Doc. #45).

**First Motion to Compel**

Plaintiff filed his first Motion to Compel Discovery on December 21, 2015. (Doc.#30). In this Motion, Plaintiff seeks an order compelling the production of certain documents. Specifically, Plaintiff requests an order compelling Defendants to produce the following documents: (a) (SMU) Special Management Unit B-Dorm log book and Plaintiff cell charts B-dorm cell B-Y-3 from October 3, 2013 to October 7, 2013; (b) copies of policy OP-22-01, OP-22-14, OP-22.12, and OP-21-09; and (c) Plaintiff's complete medical record in SCDC. (Doc. #30). Plaintiff failed to attach a copy of the relevant portions of the discovery material with the motion in violation of Local Civil Rule 7, D.S.C.

Defendants filed a response asserting that they have timely responded to Plaintiff's First Request for Production of Documents and interrogatories. Further, Defendants assert Plaintiff failed

to state in his motion any support for why Defendants' objections or responses to his discovery requests were improper or incorrect.

**Log books**

In this request, Plaintiff seeks copies of log books and cell charts from October 3 to October 7, 2013. Plaintiff may discover nonprivileged matter that is relevant to his claim . . . . Rule 26(b)(1), Fed. R.Civ.P. This alleged incident occurred on October 3, 2013. While the court can speculate as to what this information may show, Plaintiff fails to set forth his reasoning as to why this information is relevant to his claims.

Therefore, Plaintiff's motion with regard to the log books is DENIED. See Id.; Local Civil Rule 7, D.S.C.

**Policies**

Plaintiff requests that Defendants be ordered to produce copies of SCDC policies OP-22.01, OP-22.14, OP-22.12, and OP-21.09. Defendants responded to the motion asserting that while they did not provide copies of policies OP-22.14, OP-22.12, and OP-21.09, they did assist Plaintiff by "Providing the name of the corresponding policy and by informing Plaintiff that these policies were available in the law library." (Doc. #35).

Plaintiff's motion to compel with regard to SCDC Policies OP-22.14, OP-22.12, and OP-21.09 is granted to the exent Defendants are ordered to make the non-restricted policies available to Plaintiff within ten (10) days of the date of this Order.

As to Policy OP-22.01, Defendants object arguing that it is a "restricted" SCDC policy titled

"Use of Force." Defendants submitted the affidavit of Colie L. Rushton, Director of Security for SCDC and oversees the security for all of the correctional institutions in the State. (Rushton affidavit, Doc. #35-1).[1] Rushton asserts, among other things, that the SCDC "Use of Force" policy is classified as restricted as it addresses every aspect of the types of force utilized within SCDC including the use of chemical munitions about which the Plaintiff complains in this case. Id. He asserts that if the "Use of Force" policy was provided to an inmate, the safety and welfare of every SCDC employee would be in jeopardy as it provides the minutest specifics as to the force continuum to include identifying the responsive levels of control resulting from various levels of resistence from inmates. Id. Additionally, Rushton attests that the "Use of Force" policy includes information on the carrying of firearms and if inmates knew when officers would be armed, it would threaten the life and security of every institution, the public and the safety of other inmates. Id. Defendants assert that Plaintiff's prior conviction for armed robbery and his disciplinaries for threatening to inflict harm on an SCDC employee and fighting another inmate further justifies their objection. (Doc. #35). Also, Plaintiff brings his claims pursuant to 42 U.S.C. §1983. He fails to state why this policy is relevant to his constitutional claim. Therefore, this portion of his motion is DENIED. See Rule 26(b)(1), Fed. R. Civ. P.

**Medical Record**

Plaintiff's First Set of Requests for Production of Documents requested Plaintiff's medical records from the beginning of his incarceration within the SCDC. In response to the motion to

---

[1] Defendants assert that although Rushton's affidavit was filed in the case of McDowell v. Perry, 2013-CP-18-0004, the affidavit specifically addresses Defendants' concerns in this case.

3

compel, Defendants assert that they obtained Plaintiff's medical records and provided Plaintiff with all of the records received from the SCDC. Defendants attached the affidavit of Kathy Hill, Director of Health Information Resources with the South Carolina Department of Corrections. As Director, Hill attests that she attached true and accurate copies of Plaintiff's medical records under her custodial care. (See Defendants Exhibit C, doc. # 35-3). Defendants assert that they provided Plaintiff with six hundred and twenty-six (626) pages of medical records.

Plaintiff's motion to compel copies of his medical records is DENIED as the court finds these Defendants have sufficiently responded.

**Interrogatories**

Plaintiff requests an order compelling Defendants to answer the interrogatories that he served on Defendants on October 27, 2015. Defendants responded asserting that the envelope containing Plaintiff's interrogatories indicates SCDC did not receive same until November 2, 2012, two days after Plaintiff filed his motion to amend his complaint with the court. Defendants point out that Plaintiff's certificate of service in his own exhibit indicates that he mailed the interrogatories on November 2, 2015. Additionally, Defendants assert that the interrogatories Plaintiff provided to the court are not identical to the ones he served on Defendants. Specifically, Defendants assert that Plaintiff provided the court with one version of discovery requests and another version to the Defendants appearing to have inserted several interrogatories to Defendant Ragland in the version mailed to the court. Defendants contend that "a closer inspection of these two versions indicates additional discrepancies as several interrogatories are missing, altered, or reworded." Defendants contend that they have responded to the interrogatories they received and the motion should be

denied as moot. Plaintiff did not address this argument in his reply.

This motion to compel Thomas Ragland to respond to the interrogatories is denied. Based on a review of the record there are some discrepancies between the interrogatories Plaintiff submitted to the court with his motion and the interrogatories that were served on the Defendants and with the dates. Additionally, Defendants argue that they have since responded to the interrogatories, and Plaintiff did not dispute this in his reply. Thus, this portion of his motion to compel is DENIED.

## Second Motion to Compel

Plaintiff's second Motion to Compel filed December 23, 2015, requests an order compelling Defendants to ". . . produce for inspection and copying the following documents." (Doc. #31). Plaintiff did not specify which documents. However, Plaintiff attached a copy of what he identifies as Plaintiff's Request for Production of Documents dated October 27, 2015, requesting that Defendants produce "[t]he complete prison records of all Defendants work history." (Doc. #31-1).[2] Plaintiff also alleges that Defendants failed to respond to Interrogatories and attached what he asserts is a copy of the Interrogatories he submitted to the Defendants. (Doc. #31-2).

Defendants filed a response arguing that they properly responded to Plaintiff's Second Request for Production of Documents on December 21, 2015, so that Plaintiff's contention that he has not received a response is moot. It is noted that Plaintiff's second Motion to Compel was dated December 17, 2015, and filed on December 23, 2015, and Defendants responded to the second set of Request for Production of Documents on December 21, 2015. Thus, Plaintiff's motion was dated

---

[2] It is noted that Document #31-3 is duplicative of Document #31-2.

5

prior to Defendants' responses. However, Defendants did not attach a copy of their responses to discovery along with a certificate of service to their response. Therefore, Defendants are instructed out of an abundance of caution to re-send their responses to Plaintiff's second set of discovery requests and file a copy with the court within five (5) days from the date of this order. Accordingly, Plaintiff's second motion to compel (Doc. #31) is DENIED AS MOOT.

### Third Motion to Compel

Plaintiff filed a third motion to compel on January 26, 2016. In this motion, Plaintiff asserts that he served discovery requests on Defendants on October 27, 2015, and lists the documents Plaintiff asserts Defendants failed to produce. This is duplicative of Plaintiff's first and second motions to compel addressed above. Therefore, this document which was filed as a third Motion to Compel is dismissed as duplicative of the first and second motions to compel that have been ruled on by the court.

### CONCLUSION

Based on the above reasoning, Plaintiff's first Motion to Compel (doc. # 30) is granted in part and denied in part as set forth above. Plaintiff's second Motion to Compel (doc. #31) is denied as moot with instructions for Defendants to re-send their responses to the Plaintiff and file a copy with the court within five days of the date of this order. Plaintiff's third Motion to Compel (Doc. #38) is dismissed as duplicative of the first and second Motions to Compel.

IT IS SO ORDERED.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

June 14, 2016
Florence, South Carolina